```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

EARNEST JOHNSON, by and through his
wife and next friend, GLORIA JOHNSON,
on behalf of the wrongful death
beneficiaries and as Administratrix
of the Estate of Earnest Johnson                          PLAINTIFF

VS.                         CIVIL ACTION NO. 5:06-cv-161(DCB)(JMR)

MARINER HEALTH CARE, INC., f/k/a
Mariner Post Acute Network;
MARINER HEALTH GROUP, INC.;
NATIONAL HERITAGE REALTY, INC.;
MARINER HEALTH CARE MANAGEMENT
COMPANY; those operating subsidiaries
of Mariner Health Care, Inc., and
Mariner Health Group connected with
the ownership or operation of Yazoo
City Health and Rehabilitation Center                    DEFENDANTS


                              ORDER

     This cause is before the Court on the defendants' motion in limine to exclude certain opinions of the plaintiff's expert, Renee Bridges, R.N. **(docket entry 63)**. Having carefully considered the motion and response, the memoranda of the parties and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

     This is a nursing home negligence case.  Earnest Johnson was a resident of the Yazoo Health and Rehabilitation Center from September 24, 1999, until his death on June 26, 2004.  The plaintiff alleges that due to the defendants' negligence, decubitus ulcers (pressure sores) on Earnest Johnson's feet worsened and became infected, leading to amputation of both of his legs.  The

plaintiff offers Registered Nurse Renee Bridges as an expert qualified to testify as to the standard of care, breach thereof, and causation.  In their motion, the defendants move to exclude certain opinions of Nurse Bridges on the basis that she is not qualified to offer an opinion on the element of proximate cause.

The recent case of Barton v. United States, 2008 WL 872304 (S.D. Miss. March 27, 2008), decided shortly after briefing was completed on the defendants' motion, suggests that Nurse Bridges might be allowed to give an opinion on causation, specifically "that nursing failures could cause the decubitus in question." Id. at *3.  The answer to this question depends on at least two factors.  First is an assessment of the qualifications of the expert, in light of the specific facts of the case.  Second is the distinction between a medical diagnosis, which a nurse is not allowed to make (Miss. Code Ann. § 73-15-5(2)), and a nursing diagnosis, which a nurse is allowed to make (Miss. Code Ann. § 73-15-5(2)).  See also Harris v. Holly Springs Health & Rehabilitation Center, 2005 WL 2347279 *2 (N.D. Miss. Sept. 26, 2005)(noting that plaintiff would be offering nurse expert's "testimony regarding both the standard of care provided to [patient], as well as, the causal connection between the bedsores and the amputation of [patient's] right leg," and reserving specific objections to nurse as an expert for trial).

Inasmuch as the Court does not have the proffered testimony

2

before it at this time, the defendants' objections shall be reserved for trial.  The defendants also seek to exclude certain opinions of Nurse Bridges regarding the standard of care, breach thereof, and causation with regard to, <u>inter alia</u>, fall risk assessment, use of restraints, use of feeding tube, fluid intake, nutrition care, prevention of contractures, treatment of infections, and the documentation of treatment and preventive measures regarding pressure ulcers.  In fact, the defendants seek to exclude <u>all</u> of Nurse Bridges' opinions from evidence. Defendants' Brief, p. 14.  In light of Mississippi law allowing a nurse to make a nursing diagnosis, and relevant case law allowing a nurse expert to testify as to proximate cause in certain circumstances, the defendants' objections shall be reserved for trial.  Accordingly,

IT IS HEREBY ORDERED that the defendants' motion <u>in limine</u> to exclude certain opinions of the plaintiff's expert, Renee Bridges, R.N. **(docket entry 63)** is denied without prejudice.

SO ORDERED, this the  7th  day of May, 2008.

s/ David Bramlette<br>
UNITED STATES DISTRICT JUDGE