```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION


EARNEST JOHNSON, by and through his
wife and next friend, GLORIA JOHNSON,
on behalf of the wrongful death
beneficiaries and as Administratrix
of the Estate of Earnest Johnson                    PLAINTIFF

VS.                        CIVIL ACTION NO. 5:06-cv-161(DCB)(JMR)

MARINER HEALTH CARE, INC., f/k/a
Mariner Post Acute Network;
MARINER HEALTH GROUP, INC.;
NATIONAL HERITAGE REALTY, INC.;
MARINER HEALTH CARE MANAGEMENT
COMPANY; those operating subsidiaries
of Mariner Health Care, Inc., and
Mariner Health Group connected with
the ownership or operation of Yazoo
City Health and Rehabilitation Center              DEFENDANTS
```

ORDER

This cause is before the Court on the defendants' motion for partial summary judgment **(docket entry 43)** on the issue of punitive damages; and on the defendants' motion to strike affidavits **(docket entry 72)**. Having carefully considered the motions and responses, the memoranda of the parties and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

This is a nursing home negligence case. Earnest Johnson was a resident of the Yazoo Health and Rehabilitation Center from September 24, 1999, until his death on June 26, 2004. The plaintiff alleges that due to the defendants' negligence, decubitus ulcers (pressure sores) on Earnest Johnson's feet worsened and

became infected, leading to amputation of both of his legs.  In addition to her claim for compensatory damages, the plaintiff seeks punitive damages.

The defendants contend that the plaintiff has not submitted any evidence of gross negligence, or a willful or intentional wrong, justifying a claim for punitive damages.  By Order of March 11, 2008, the Court granted the plaintiff additional time to complete discovery and submit additional evidence.  The Court finds that the plaintiff has shown good cause for her failure to submit affidavits with her original response, and the defendants' motion to strike is denied.

The plaintiff contends that the newly submitted evidence shows "a pattern of poor care and neglect, including repeated failure to provide the most basic care to keep [Mr. Johnson] clean and reasonably comfortable and to provide him with food and water; repeated failure to provide necessary preventive care; repeated failure to instruct the direct care workers on his treatment orders and the assistance he needed, repeated failure to promptly report changes in his condition to his doctors and to implement recommended changes in treatment, and a repeated slow response to demands from his family that he receive prompt treatment." Plaintiff's Supplemental Brief, pp. 2-3.  The defendants claim that the new evidence does not rise to the level of willful, wanton or malicious conduct.  Taking the evidence in the light most favorable

to the plaintiffs, but discounting testimony in the affidavits that would be inadmissible, the Court nevertheless finds that the plaintiff's punitive damages claim should not be dismissed on summary judgment.  The defendants may make an appropriate motion during the trial.  The Court further finds that the trial shall be bifurcated into a liability phase and a punitive damages phase pursuant to Miss. Code Ann. § 11-1-65.  Accordingly,

IT IS HEREBY ORDERED that the defendants' motion to strike affidavits **(docket entry 72)** is DENIED;

FURTHER ORDERED that the defendants' motion for partial summary judgment **(docket entry 43)** on the issue of punitive damages is DENIED without prejudice.

SO ORDERED, this the __7th__ day of May, 2008.


                                             ___s/ David Bramlette_____
                                             UNITED STATES DISTRICT JUDGE